IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAIRUS BERNARD MOORE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:20-CV-261-MTT-CHW |
| VS. | : | |
| | : | |
| Warden JERMAINE WHITE; | : | |
| Commissioner TIMOTHY C. WARD, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Plaintiff Jairus Bernard Moore, a prisoner in Washington State Prison in Davisboro, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1.

### I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the

event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is **DIRECTED** to send a copy of this Order to the Washington State Prison.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more

3

. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III. DISMISSAL FOR FAILURE TO EXHAUST

Plaintiff states that he has concerns about COVID-19 given the "tight quarters" in which prisoners at Washington State Prison are housed. ECF No. 1-1 at 3. He alleges that "[i]t is impossible to maintain the recommended distance of six . . . feet from others and [he] must also share or touch objects used by others." *Id*. at 4. Plaintiff states that prisoners' beds are only three feet apart and they must eat meals in close proximity to each other. *Id*. He complains of an insufficient supply of soap, toilet paper, and medical resources at the prison. *Id*.

Plaintiff alleges these unsafe living arrangements coupled with his pre-existing health

conditions violate his Eighth and Fourteenth Amendment rights. *Id*. at 7. He seeks declaratory and injunctive relief. *Id*. at 8. Plaintiff requests "[a] preliminary and permanent injunction ordering [D]efendants . . . to discharge [P]laintiff from prison or implement[] social distancing and other hygienic practices recommended [by] infectious disease experts." *Id*.

On its face, Plaintiff's complaint clearly shows that he did not exhaust administrative remedies prior to filing this lawsuit. In response to question nine on the standard 42 U.S.C. § 1983 form, Plaintiff indicates that Washington State Prison has a grievance procedure, but he did not present the claims in this § 1983 action to the prison as a grievance. ECF No. 1 at 3. He states that he did not exhaust administrative remedies because "[t]his is an emergency situation which involves COVID-19 coronavirus." *Id*. In the body of his complaint, Plaintiff states that he is "requesting court intervention without waiting for exhaustion" because this is a "COVID-19 pandemic emergency." ECF No. 1-1 at 6. Plaintiff alleges that "[u]nder the PLRA, courts retain their traditional equitable discretion to grant temporary relief to maintain the status quo pending exhaustion." *Id*. (citing *Jackson v. District of Columbia*, 254 F.3d 262, 267-68 (D.C. Cir. 2001)).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA . . . ." *Jones*, 549 U.S. at 211. Thus, when a grievance procedure is available, as it is here, any prisoner "alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Bryant*

5

*v. Rich*, 530 F.3d 1368, 1372 (11th Cir. 2008) (citation omitted). Contrary to Plaintiff's assertions, the Court has "no discretion to waive this exhaustion requirement." *Id*. at 1373 (citation omitted).

Citing *Jackson*, a case from the District of Columbia Circuit Court, Plaintiff argues that while there is no "irreparable harm exception" to the PLRA's exhaustion requirement, the Court has "traditional equitable discretion to grant temporary relief to maintain the status quo pending exhaustion" of administrative remedies. ECF No. 1-1 at 6 (citing *Jackson*, 254 F.3d at 267-68). *Jackson* is not binding precedent and, even if it were, the language Plaintiff quotes is nonbinding dicta.[1] Additionally, Plaintiff does not seek to "maintain the status quo." *Id*. Instead, he seeks release from prison; a remedy which is not available in a § 1983 action. *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973). Alternatively, he seeks to upset, not maintain, the status quo and have the Court order Defendants to implement certain social distancing and hygiene requirements. ECF No. 1-1 at 8.

In a recent case addressing the coronavirus outbreak, the Eleventh Circuit held that the district courts cannot grant preliminary injunctive relief without considering whether a prisoner has exhausted administrative remedies before filing suit. In *Swain v. Junior*, seven inmates filed

---

[1] In *Jackson*, Rastafarian and Sunni Muslim prisoners challenged a prison grooming policy that forbade beards and long hair, arguing that the policy violated the First Amendment and the Religious Freedom Restoration Act. 254 F.3d at 264. The Court refused to adopt an irreparable-injury exception to the PLRA's exhaustion requirement and remanded the case to the district court with instructions to dismiss the case because the plaintiffs had not exhausted available administrative remedies prior to filing the case. But, when explaining why an irreparable-injury exception was not necessary, the court stated in dicta that district courts have inherent power to protect a prisoner while he exhausts administrative remedies by preserving the status quo. *Id*.

a class action complaining about the alleged inadequate measures implemented at the detention center during the coronavirus outbreak.  958 F.3d 1081, 1085 (11th Cir. 2020).  The district court entered an injunction that required the defendants to employ various safety measures to prevent the spread of the virus and imposed numerous reporting requirements.  *Id*.  The defendants moved for a stay pending appeal.  *Id*.  The Eleventh Circuit granted the stay, holding that before a district court grants a preliminary injunction, it should consider whether the plaintiffs exhausted administrative remedies before they filed the lawsuit.  *Id*. at 1092.  "So long as those remedies are 'available' to the prisoner, a 'court may not excuse a failure to exhaust, even to take [special] circumstances into account.'"  *Id*. (citing *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

The Eleventh Circuit later held the district court abused its discretion in granting the preliminary injunction, in part because the lower court failed to consider exhaustion.  *Swain v. Junior*, No. 20-11622, 2020 U.S. App. LEXIS 18689, at *37 (11th Cir. June 15, 2020).  The Court stated that "'[u]exhausted claims *cannot be brought* in court.'"  *Id*. at *32 (emphasis in original) (quoting *Jones,* 549 U.S. at 211).  Thus, the plaintiffs were able to show a substantial likelihood of success on the merits, which is one prerequisite for the grant of a preliminary injunction, only if they exhausted administrative remedies prior to filing suit.  *Id*.

In this case, it is clear on the face of Plaintiff's complaint that he has not exhausted available administrative remedies.  Thus, his action must be dismissed without prejudice to his right to refile once he has exhausted these remedies. *Jones*, 549 U.S. at 215-16 (holding that while PLRA's exhaustion requirement is an affirmative defense, the normal pleading rules remain

unchanged under § 1915A(b), and, therefore, dismissal for failure to state a claim remains appropriate if the allegations in the complaint establish the affirmative defense); *Bryant*, 530 F.3d at 1380 n.2 (Wilson, J., concurring) (stating dismissal is appropriate when the affirmative defense of failure to exhaust appears on the face of the complaint); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (dismissal appropriate when plaintiff's complaint shows he did not exhaust administrative remedies); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir.) (holding the district court did not err by dismissing the complaint, pursuant to § 1915A because plaintiff's failure to exhaust administrative remedies was clear from the face of the complaint).

Accordingly, Plaintiff's complaint against is **DISMISSED WITHOUT PREJUDICE**.[2] 28 U.S.C. § 1915A(b)(1).

**SO ORDERED,** this 21st day of July, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff's motion for appointment of counsel, ECF No. 3, is **DENIED** as moot.